# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHARON L. TERRELL AND GEORGE G. TERRELL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LABORATORY CORPORATION OF AMERICA, | ) ) ) |
| Defendant. | ) ) ) ) |

CIVIL ACTION NO.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Laboratory Corporation of America ("LabCorp") hereby files this Notice of Removal of the above-captioned case. LabCorp respectfully asserts the following facts to support removal, and in so doing, expressly reserves all other issues for further pleadings:

1. LabCorp is the sole named defendant in *Sharon L. and George G. Terrell v. Laboratory Corporation of America*, Case No. 11C03697-3, filed in the State Court of Gwinett County, Georgia (the "State Court Action").

2. Plaintiffs filed their Complaint in the State Court Action on May 4, 2011, and Defendant was served on May 4, 2011.

3. This Notice is being filed with this Court within thirty (30) days after Defendant was served with a copy of Plaintiffs' initial pleading setting forth the claims for relief upon which Plaintiffs' action is based.

4. A copy of all process, pleadings and orders served upon Defendant in the State Court Action is attached hereto as Exhibit A, and a copy of the Notice of Removal which will be filed in the State Court of Gwinnett County, Georgia is attached hereto as Exhibit B.

5. This action is removable to this Court pursuant to 28 U.S.C. § 1441 in that it is an action over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.

6. Plaintiffs are citizens of the State of Georgia. (Compl. ¶ 1.)

7. Defendant is a Delaware corporation, with its principal place of business in North Carolina. (Marbutt Aff. ¶ 2, attached as Exhibit C.)

8. Based on the factual allegations of the Complaint, which are construed as true for purposes of assessing removal jurisdiction, the amount in controversy in this case exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332.

9. Plaintiffs allege that Defendant is vicariously liable for negligently interpreting two Pap smears from January 20, 2007 and February 21, 2008. (Compl. ¶ 17, 22.) According to the allegations in the Complaint, Plaintiff Sharon Terrell was diagnosed with "endocervical adenocarcinoma, grade 3 with focal villoglandular and serous features." (*Id.* ¶ 12)

10. Plaintiff Sharon Terrell seeks compensation for "severe pain and anguish, . . . medical expenses, [and] lost wages." (*Id.* ¶ 20.) Further, Plaintiff George Terrell seeks compensation for the "past, present, and future loss of consortium, love, affection, companionship and society of his wife, Plaintiff Sharon L. Terrell." (*Id.* ¶ 22.)

11. On their face, these allegations establish that the amount in controversy in this case exceeds the jurisdictional minimum. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (amount in controversy exceeding $75,000 jurisdictional minimum was "facially apparent" based on "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *Butzberger v. Novartis Pharm. Corp.*, Case No. 06-80700-CIV-Ryskamp/Vitunac, 2006 U.S. Dist. LEXIS 85576, *12-*14 (S.D. Fla. Nov. 27, 2006) (denying motion to remand cast to state

court where the plaintiff suffered from liver cancer allegedly caused by use of medication).

12.   Pursuant to 28 U.S.C. § 1441(a), Defendant is removing this action to the Atlanta Division of the Northern District of Georgia because the State Court of Gwinnett County, Georgia is located in this federal judicial district and division.

13.   As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant shall provide notice of the removal to Plaintiffs through their attorneys of record in the State Court Action and to the Clerk of the Court in the State Court Action.

- 5 -

Dated: June 3, 2011            Respectfully submitted,


          */s/ Olivia E. Marbutt*
          Lillian N. Caudle
            Ga. Bar No. 535111
          Olivia E. Marbutt
            Ga. Bar No. 141255
          JONES DAY
          1420 Peachtree Street, N.E.
          Suite 800
          Atlanta, GA  30309-3053
          Telephone:  (404) 581-3939
          Facsimile:  (404) 581-8330
          Emails:       lncaudle@jonesday.com
                              oemarbutt@jonesday.com


          ***Attorneys for Defendant***
          ***Laboratory Corporation of America***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing NOTICE OF REMOVAL on counsel for Plaintiffs by causing a copy of same to be delivered via U.S. Mail, first-class postage prepaid and addressed as follows:

>Evan W. Jones, Esq.
>Ragland & Jones, LLP
>South Terraces, Suite 425
>115 Perimeter Center Place
>Atlanta, Georgia  30346
>
>Andy D. Lewis, Esq.
>Lewis & Oliver
>Suite 500, Dome Building
>736 Georgia Avenue
>Chattanooga, Tennessee  37402

This 3rd day of June, 2011.

>*/s/ Olivia E. Marbutt*
> Olivia E. Marbutt
>  (Ga. Bar No. 141255)
>
>*An Attorney for Defendant*
>*Laboratory Corporation of America*

JONES DAY
1420 Peachtree St., Suite 800
Atlanta, GA  30309
Telephone:  (404) 521-3939
Facsimile:   (404) 581-8330

ATI-2472334

- 1 -