# EXHIBIT A-1

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

2011 MAY -4 AM 11: 33

TOM LAWLER, CLERK

| | |
|---|---|
| SHARON L. TERRELL and <br> GEORGE G. TERRELL, <br><br> Plaintiffs, <br><br> v. <br><br> LABORATORY CORPORATION <br> OF AMERICA, a/k/a LabCorp, <br><br> Defendant. | Civil Action <br> File No. 11C 03697-3 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

**COME NOW** Plaintiffs, and file this Complaint against the above-named Defendant, showing the Court and Jury the following:

**Parties, Jurisdiction, Venue, And Service Of Process**

1.

Plaintiffs Sharon L. Terrell and George G. Terrell are residents of the State of Georgia and currently reside at 100 Lilly Lane, Mineral Bluff, Fannin County, Georgia, 30559. Plaintiff Sharon L. Terrell and Plaintiff George G. Terrell have been continuously and lawfully married since February 11, 1989.

2.

Defendant Laboratory Corporation of America, (a/k/a LabCorp) is a foreign, for-profit corporation listed with the Georgia Secretary of State with an address at 231 Maple Avenue, Burlington, North Carolina, 27215-5837. It is organized under the laws of the State of North Carolina. Defendant Laboratory Corporation of America may be served in the State of Georgia through its registered agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia, 30092, Gwinnett County or by acknowledgement of service by Lillian

- 1 -

N. Caudle, Esq., Jones Day, 1420 Peachtree Street, NE, Suite 800, Atlanta, Georgia 30309-3053.

3.

Laboratory Corporation of America is authorized to transact business and does, in fact, regularly conduct business in the State of Georgia. Laboratory Corporation of America also did business in the State of Georgia with Plaintiff Sharon L. Terrell and/or her healthcare providers for Sharon Terrell's benefit. Therefore, jurisdiction and venue are proper with this Court for this Defendant.

**Facts**

4.

A PAP smear slide was prepared on February 8, 2006, from a sample taken from Sharon L. Terrell at the Georgia Mountain Health facility and was submitted to LabCorp.

5.

The study was performed for LabCorp by its ostensible agent, and/or employee, Judy Arthur, cytotechnologist (ASCP). That slide was reported back on February 15, 2006, with a diagnosis: "Negative for intraepithelial lesion and malignancy." The specimen was evaluated as satisfactory for evaluation. Endocervical and/or squamous metaplastic cells (endocervical component) were present.

6.

Another PAP smear test from a sample taken from Sharon L. Terrell was taken at Georgia Mountain Health on January 30, 2007, ordered by Dr. Gervasi, specimen no. CGW2007-3102450, LabCorp Account number 031-Y06-0245-0.

7.

That PAP smear slide was read for LabCorp by its ostensible agent, and/or employee, Norman Dale, SCT (ASCP), and Greg McDaniel, CT (ASCP) for LabCorp. The diagnosis was:

"Negative for intraepithelial lesion and malignancy." The specimen was evaluated as satisfactory for evaluation, endocervical and/or squamous metaplastic cells (endocervical component) were present.

8.

Another slide was prepared from a cervical sample taken from Sharon L. Terrell on February 21, 2008 by order of Janis N. Anthony-Wade, M.D. at Georgia Mountain Health. It was LabCorp specimen number 056-G15-7300-0.

9.

The slide was reported as evaluated for LabCorp by its ostensible agent, and/or employee, Quenna L. Collins, Cytotechnologist (ASCP) on February 27, 2008. Diagnosis was reported as "negative for intraepithelial lesion and malignancy." The specimen was evaluated as satisfactory for evaluation. Endocervical and/or squamous metaplastic cells (endocervical component) were present.

10.

On June 2, 2009, Sharon L. Terrell had a biopsy specimen taken for evaluation. The surgical pathology report, prepared by A. Moncada, Jr., M.D., FCAP, showed the presence of invasive endocervical adenocarcinoma in both of two (2) uterine cervix biopsies.

11.

On July 14, 2009, at Southern Pathology Associates, P.C., pathologist Lynn Swearingen, M.D., reviewed and reported pathology results from specimens taken during Sharon Terrell's July 9, 2009 radical hysterectomy with bilateral salpingo-oophorectomy and removal of upper one third of vagina.

12.

Sharon Terrell was diagnosed with endocervical adenocarcinoma, grade 3 with focal villoglandular and serous features.

13.

On December 6, 2010, Sharon L. Terrell had another PAP smear at the order of Dr. Harris which was read by cytotechnologist Gary L. Wilcox, CT (ASCP) with Associated Pathologists and reviewed by Dr. Alison Stoner, cytopathologist. The reported interpretation was "atypical glandular cells, favor neoplastic" with biopsy recommended.

14.

A vaginal cuff biopsy of Sharon L. Terrell was taken on December 10, 2010. The diagnosis was: "<u>Vaginal cuff biopsy</u>: Adenocarcinoma (see comments). <u>Comments</u>: The tumor displays a Papillary architecture and low nuclear grade, and is consistent with recurrent endocervical adenocarcinoma. The clinical history and histopathologic findings were discussed with Dr. Benjamin J. Harris on 12/15/2010. J. Ross Siemmer, M.D., *electronically signed*, 12/15/2010 at 4:13 PM."

## COUNT I

### Claim For Professional Negligence

15.

Plaintiffs hereby incorporate their allegations from Paragraphs 1 – 14 as fully set forth herein.

### Laboratory Corporation of America

16.

At all times relevant hereto, Defendant Laboratory Corporation of America, its ostensible agents and employees, owed a duty of care to Plaintiff Sharon L. Terrell normally exercised by

medical laboratories and/or cytotechnologists in like conditions and similar surrounding circumstances.

17.

Defendant Laboratory Corporation of America, its ostensible agents and employees, including cytotechnologists Norman Dale, Greg McDaniel, and Quenna L. Collins, were negligent and breached their duty to Plaintiff Sharon L. Terrell. More specifically, Defendant Laboratory Corporation of America, its agents and/or employees, deviated from the standard of care by negligently reading, reviewing, and reporting two of Plaintiff Sharon Terrell's PAP smear slides in 2007 and 2008.

18.

Attached to this Complaint as Plaintiffs' Exhibit "A," is the affidavit of Dorothy L. Rosenthal, M.D., FIAC, which meets the requirements of O.C.G.A. § 9-11.9.1 and O.C.G.A. § 24-9-67.1.

19.

Defendant Laboratory Corporation of America is responsible for the negligent acts and omissions of its agents and/or employees, including cytotechnologists Norman Dale, Greg McDaniel, and Quenna L. Collins, including all breaches of the standards of care.

20.

As a direct and proximate result of this negligence by Defendant Laboratory Corporation of America and its agents and/or employees, including cytotechnologists Norman Dale, Greg McDaniel, and Quenna L. Collins, Plaintiff Sharon L. Terrell experienced severe pain and anguish, incurred medical expenses, lost wages, and suffered catastrophic injuries.

## COUNT II

## LOSS OF CONSORTIUM

21.

Plaintiffs hereby incorporate their allegations from Paragraphs 1 – 20 as fully set forth herein.

22.

The negligence of Defendant Laboratory Corporation of America's and its ostensible agents and/or employees, including cytotechnologists Norman Dale, Greg McDaniel, and Quenna L. Collins, as aforedescribed, has proximately caused Plaintiff George G. Terrell to suffer past, present, and future loss of consortium, love, affection, companionship and society of his wife, Plaintiff Sharon L. Terrell.

23.

Defendant is liable to Plaintiff George G. Terrell for the loss of consortium described and alleged herein.

24.

O.C.G.A. § 9-11-9.2 states that Plaintiffs need to file contemporaneously with the Complaint a medical authorization form for each Defendant that complies with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. 160.203, et seq. However, O.C.G.A. § 9-11-9.2 is preempted by HIPAA, and therefore, no medical authorization form must be filed with this Complaint. See Allen v. Wright, 282 Ga. 9, 644 S.E. 2d 814 (2007) (O.C.G.A. § 9-11-9.2 request declared unenforceable and preempted by HIPAA).

**WHEREFORE**, Plaintiffs request the following:

1. That Defendant be served with process;

2. That Plaintiff Sharon L. Terrell recover for her past, present, and future pain and suffering; past, present, and future medical expenses; catastrophic, permanent, personal injuries; past, present, future loss of earnings/wages; and any other amount determined by a fair and impartial jury in an amount in excess of $10,000.000;

3. That Plaintiff George G. Terrell recover for past, present, and future loss of consortium of his wife, Plaintiff Sharon L. Terrell;

4. Plaintiffs have a trial by jury on all issues on this action; and

5. That Plaintiffs have such further relief that they may be entitled.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**

Submitted this 4th day of May, 2011.

RAGLAND & JONES, LLP

_____
Evan W. Jones
Georgia State Bar No. 400115
ATTORNEY FOR PLAINTIFFS

Ragland & Jones, LLP
South Terraces, Suite 425
115 Perimeter Center Place
Atlanta, Georgia  30346
(770) 407-7300

LEWIS & OLIVER

_____
Andy D. Lewis, Esq.
Georgia Bar No. 449990

Suite 500, Dome Building
736 Georgia Avenue
Chattanooga, TN 372402
(423) 756-8203 Phone

ATTORNEYS FOR PLAINTIFFS